**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 2, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JOEL HERNANDEZ,

     Plaintiff - Appellant,

v.

TIM NORTON; ELBERT COUNTY
SHERIFF'S OFFICE; MIKE SKALISKY,

     Defendants - Appellees.

No. 24-1025
(D.C. No. 1:23-CV-00548-GPG-STV)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH**, **PHILLIPS**, and **CARSON**, Circuit Judges.

_____

Joel Hernandez was wounded when a police officer unintentionally shot him

while he was hiding under a cover in the back of a pickup. The district court

concluded that the officer was entitled to qualified immunity because our cases do

not clearly establish that an unintentional shooting in this context amounts to

unconstitutional excessive force.

We agree. The officer is entitled to qualified immunity. In addition, the claim

against Elbert County Sheriff Tim Norton, in his official capacity, and the Elbert

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

County Sheriff's Office, is too conclusory to sustain a municipal liability claim. We affirm.

## I.    BACKGROUND

In March 2021, an Elbert County Colorado deputy was traveling on Highway 86 when he noticed a white Ford F-350 speeding in the opposite direction. The truck had no license plates. The deputy turned around and pursued the truck, ultimately finding the vehicle parked in a nearby industrial park. The truck was locked and unoccupied. The deputy ran the truck's vehicle identification number and found that the license plates associated with that truck were expired.

Other law enforcement officers were on the scene for unrelated reasons, including Sergeant Skalisky. Employees of the industrial park told the officers that they saw a male running for the outbuildings on the property. Sergeant Skalisky searched the outbuildings for the truck's driver, with a Glock in hand. He made verbal announcements as he conducted his search, including, "Sheriff's Office, make yourself known," or "Sheriff's Office, come out."

As part of his search, Sergeant Skalisky opened a canvas cover above a pickup bed with his left hand, where he found Hernandez inside, lying in a fetal position with his head pointed towards Sergeant Skalisky. As Sergeant Skalisky opened the canvas cover, Hernandez moved his feet, which startled Sergeant Skalisky, causing him to jump back immediately in surprise, exclaim an expletive, and fire a round that struck Hernandez in the abdomen. Sergeant Skalisky then proceeded to treat

2

Hernandez and told the other officers who arrived on the scene to put their weapons away because the shooting was an accident.

Hernandez sued Sergeant Skalisky, asserting a claim under 42 U.S.C. § 1983 for excessive force under the Fourth Amendment. Sergeant Skalisky moved to dismiss under qualified immunity. Hernandez also asserted a *Monell* claim against Elbert County Sheriff Tim Norton and the Elbert County Sheriff's Office.

The district court dismissed Hernandez's claims. As for Sergeant Skalisky, the district court found that Hernandez failed to show it was clearly established that Sergeant Skalisky's action—namely, the unintentional firing of his gun in response to being startled by Hernandez's movement—was unlawful. The district court also found that Hernandez's *Monell* claim was too conclusory to survive a motion to dismiss.

## II.     DISCUSSION

"Qualified immunity protects officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) (citation omitted). To overcome a qualified immunity defense, the plaintiff must show that the "defendant's actions violated a constitutional or statutory right," and that the "constitutional or statutory right[]" in question "w[as] clearly established at the time of the conduct at issue." *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).

"[I]n order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (citation omitted). "Although Supreme Court precedent 'does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate.'" *Grissom v. Roberts*, 902 F.3d 1162, 1168 (10th Cir. 2018) (citation omitted).

"This court reviews de novo a district court's grant of a motion to dismiss based on qualified immunity." *Weise v. Casper*, 593 F.3d 1163, 1166 (10th Cir. 2010).

## A. Clearly Established Law

Hernandez points us to several Supreme Court and circuit cases that he claims overcome the clearly established prong. But none of the cases Hernandez cites would have alerted a reasonable officer that Sergeant Skalisky's actions were out of bounds. Consider the facts from these cases:

- *Tennessee v. Garner*, 471 U.S. 1, 3–4 (1985), involved an officer who intentionally shot a suspect to stop him from climbing over a fence to "elude capture."

- *Cavanaugh v. Woods Cross City*, 625 F.3d 661, 663 (10th Cir. 2010), involved an officer who followed an unarmed plaintiff and intentionally discharged his taser without warning.

- *Perea v. Baca*, 817 F.3d 1198, 1201 (10th Cir. 2016), involved officers who chased and intentionally tased the plaintiff ten times.

4

In each of these cases, the officers deliberately considered whether to use force, and then chose to do so. Those facts are far from the ones present here—even when read in the light most favorable to Hernandez—where Sergeant Skalisky fired his gun out of startlement and surprise.

Hernandez suggests these cases stand for the general proposition that it is clearly established officers may not "[p]urposely shoot" a "misdemeanant or traffic violation suspect" without warning and who is otherwise not resisting. But even if that were true as a general matter, the Supreme Court has advised "not to define clearly established law at a high level of generality," *Kisela v. Hughes*, 584 U.S. 100, 104 (2018), and that is exactly what Hernandez asks this court to do. None of Hernandez's cases involved officers who discharged his weapon recklessly, or out of startlement, or more specifically, fired a shot in response to a suspect-in-hiding's sudden movements. That is the relevant inquiry. In *Garner*, *Cavanaugh*, and *Perea*, the officers had time to assess the situation and decided to use force. Sergeant Skalisky confronted a different situation, and none of Hernandez's cases would have put any reasonable officer on notice that actions like the one Sergeant Skalisky took here would be unlawful.

To the extent Hernandez argues Sergeant Skalisky's drawing of his weapon or keeping his finger on the trigger during the search amounted to a section 1983 violation (regardless of whether he fired the weapon), that argument fails. Hernandez cites no cases to show that this conduct violates clearly established law. It may not

be best practice to have a weapon drawn in these circumstances, but even routine traffic stops can sometime escalate into violent confrontations.

Because Hernandez fails to satisfy the clearly established prong, he falls short of overcoming Sergeant Skalisky's qualified immunity defense.

### B. *Monell* Liability

Hernandez's *Monell* claim against Elbert County Sheriff Tim Norton and the Elbert County Sheriff's Office, which is based on a failure to train theory, also fails. A "municipality's decision not to train its officers" amounts to a section 1983 violation "only when the failure to train 'amount[s] to deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *George v. Beaver Cnty., by & through Beaver Cnty. Bd. of Commissioners*, 32 F.4th 1246, 1253 (10th Cir. 2022) (internal quotation marks and citation omitted). "[A] plaintiff must prove a pattern of untrained employees' constitutional violations to show deliberate indifference." *Id.* "Municipal liability is 'most tenuous where a claim turns on a failure to train.'" *Id.* (citation omitted).

Hernandez does not clear this high bar. Although Hernandez alleges the County did not "properly train police officers to use de-escalation tactics" and on the "proper procedures when firing weapons," he does not supply any factual allegations to support those claims other than Sergeant Skalisky's actions at issue here. If even a "single prior incident" cannot "constitute a 'pattern' of conduct giving rise to an inference of deliberate indifference," *Waller v. City & Cnty. of Denver*, 932 F.3d

6

1277, 1287 (10th Cir. 2019), Hernandez's claim falls even shorter.  The dismissal of

Hernandez's *Monell* claim was proper.

### III.   CONCLUSION

For the reasons stated above, we AFFIRM.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge